CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 08 2012

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **AUDIE WAYNE TALLEY,** ) | **CASE NO. 7:12CV00176** |
| ) | |
| **Plaintiff,** ) | |
| ) | **MEMORANDUM OPINION** |
| **vs.** ) | |
| ) | |
| **ABINGDON POLICE DEPARTMENT,** ) | |
| **OFFICER WOLFE,** ) | **By:  James C. Turk** |
| ) | **Senior United States District Judge** |
| **Defendant(s).** ) | |

Audie Wayne Talley, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Talley alleges that that the defendant police officer improperly failed to serve a protective order on Talley, and then wrongfully arrested Talley three times for violating that protective order, causing Talley's wrongful detainment.  Upon review of the record, the court finds that the complaint must be construed as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and summarily dismissed without prejudice.[1]

**I**

Talley alleges the following sequence of events from which his claims arise.  Officer Wolfe of the Abingdon, Virginia Police Department, arrested Talley on February 15, 2012 on a charge of being drunk in public.  The next day, in order to secure his release, Talley had to post bond on a pending charge that he had violated a protective order that was never served on him.  Talley's bail bondsman called his home and spoke to Lana Worley, Talley's girlfriend, to see if Talley could come home.  Worley said that he could, so Talley returned home.  That night, February 16, 2012, an officer arrested Talley for violating a protective order.  Talley states that the protective order had been served on Worley, not on him.  On February 17, 2012, Talley

---

[1]  Rule 4 of the Rules Governing § 2254 cases authorizes this court to summarily dismiss a habeas corpus action if it is clear from the face of the pleading that petitioner is not entitled to relief.

called Worley's daughter, Amanda Anderson and spoke to Worley. Thereafter, authorities charged Talley with violating the protective order for the third time. Talley sues Officer Wolfe for failing to properly serve the protective order on Talley. As relief in this action, Talley demands that the criminal case pending against him be dismissed or that he be sentenced to time served.

## II

A district court is not constrained by a litigant's style of pleading or request for relief and may liberally construe a civil rights complaint as a habeas petition, pursuant to § 2254. Hamlin v. Warren, 664 F.2d 29 (4th Cir. 1981); Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). To determine whether an action is properly considered a civil rights complaint under § 1983 or a habeas corpus petition requiring exhaustion of state court remedies pursuant to § 2254(b), a court must consider whether the "core" of the litigant's claim concerns the fact or duration of the litigant's confinement. Preiser v. Rodriguez, 411 U.S. 475 (1973); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). If the core of the complaint concerns the fact or length of confinement, then the proceeding is in habeas.

Talley's primary grievance in this complaint is that he was wrongfully detained for various periods of time because of Officer Wolfe's alleged failure to properly serve the protective order on him. Because this complaint contests the fact and the length of Talley's confinement in the Virginia prison system, his claims are not cognizable under § 1983. Preiser, supra. Therefore, the court concludes that Talley's claims are appropriately construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

Provided that a newly construed § 2254 petition meets the threshold requirements for habeas actions under this section, the court can address the petition's claims on the merits.

<u>Haines v. Kerner</u>, 404 U.S. 519 (1972). Under 28 U.S.C. § 2254(b), however, a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which petitioner was convicted. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the § 2254 petition without prejudice to allow him to return to state court. <u>Slayton v. Smith</u>, 404 U.S. 53 (1971).

Talley's complaint reflects that he has not exhausted state court remedies. He states that the criminal case pending against him will come before the trial court on May 14, 2012. In these pending state court proceedings, Talley may seek a state court ruling on his argument that the protective order was never properly served on him. If his argument fails, and he is convicted, he may also pursue other state court remedies, such as a direct appeal of his conviction to higher state courts. Because Talley clearly has not exhausted available state court remedies at this time, this court may not grant relief on his claims of wrongful conviction and confinement and must summarily dismiss the petition without prejudice to allow Talley to pursue his claims first in state court. <u>Slayton, supra</u>. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This _8th_ day of May, 2012.

_James C. Turk_
Senior United States District Judge

3